[Cite as *Smith v. Williams*, 2013-Ohio-1228.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| MARTIN N. SMITH | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| AGATHA MARTIN WILLIAMS | : | Case No. 2012CA00117 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Canton Municipal
Court, Case No. 2012 CVG 2349


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      March 28, 2013


APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

JOHN BOGGINS      ROBERT E. SOLES, JR.
1428 Market Avenue North      KARA DODSON
Canton, OH  44714      6545 Market Avenue North
North Canton, OH  44721

*Farmer, J.*

{¶1} In May of 2006, appellant, Agatha Martin Williams, and appellee, Martin Smith, entered into a land installment contract wherein appellant agreed to purchase a property from appellee for $350,000.00. Appellant was to make a down payment and monthly interest payments thereafter. The purchase was to be completed by June 1, 2008.

{¶2} Because appellant could not obtain financing in 2008, the parties renegotiated the contract and entered into a second land installment contract in April 2008. The purchase price was still $350,000.00, but appellant was required to pay another $5,000.00 and then make the monthly interest payments. The purchase was to be completed by April 30, 2009.

{¶3} Again, appellant could not obtain financing in 2009. The parties renegotiated the contract and entered into a third land installment contract in July 2009. Appellant was required to make principal payments in addition to the monthly interest payments. The purchase was to be completed by June 30, 2011.

{¶4} On August 1, 2011, the parties renegotiated again and entered into a final land installment contract.

{¶5} On April 12, 2012, appellee filed a complaint for forcible entry and detainer against appellant. On May 4, 2012, appellant filed a motion to dismiss under R.C. 5313.07 as she had paid on the land contract for over five years and therefore the appropriate action was a foreclosure proceeding. The matter was heard by a magistrate. By report filed May 24, 2012, the magistrate denied the motion to dismiss, found R.C. 5313.07 did not apply, and granted a writ of restitution of the property to

appellee.  The trial court approved and confirmed the decision the same day.  Appellant filed objections.  By judgment entry filed June 12, 2012, the trial court denied the objections.

{¶6}  Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶7}  "THE TRIAL COURT ERRED AS A MATTER OF LAW IN ALLOWING PLAINTIFF-APPELLEE TO REGAIN POSSESSION OF THE SUBJECT PROPERTY BY WAY OF A FORCIBLE ENTRY AND DETAINER ACTION RATHER THAN A FORECLOSURE PROCEEDING AS REQUIRED BY OHIO REV. CODE §5313.07 AS DEFENDANT-APPELLANT HAD PAID IN ACCORDANCE WITH THE TERMS OF THE LAND INSTALLMENT CONTRACT FOR A PERIOD OF FIVE YEARS OR MORE FROM THE DATE OF THE FIRST PAYMENT."

I

{¶8}  Appellant claims the trial court erred in granting a writ of restitution of the property via a forcible entry and detainer action rather than a foreclosure proceeding under R.C. 5313.07 because she had paid on the land installment contract for over five years.  We disagree.

{¶9}  R.C. 5313.07 states the following:

If the vendee of a land installment contract has paid in accordance with the terms of the contract for a period of five years or more from the date of the first payment or has paid toward the purchase price a total sum

equal to or in excess of twenty per cent thereof, the vendor may recover possession of his property only by use of a proceeding for foreclosure and judicial sale of the foreclosed property as provided in section 2323.07 of the Revised Code. Such action may be commenced after expiration of the period of time prescribed by sections 5313.05 and 5313.06 of the Revised Code. In such an action, as between the vendor and vendee, the vendor shall be entitled to proceeds of the sale up to and including the unpaid balance due on the land installment contract.

{¶10} Appellant's position is that the original land installment contract negotiated in May 2006 is the start date for the "date of the first payment" regardless of the subsequent re-negotiations and new contracts entered into by the parties in 2008 and 2009, culminating in the final contract on August 1, 2011. The language of the August 1, 2011 land installment contract specifically states, "[t]his contact supersedes and takes the place of a certain land contract between the parties dated July 1, 2009 and recorded July 1, 2009, under Instrument No. 200907010027037, which former contract the parties declare void and of no further effect."

{¶11} It is appellant's position that the acknowledged language in the August 1, 2011 land installment contract refers back to the three prior land installment contracts. The final land installment contract, which appellant argues commenced in May 2006, states, "[t]he Vendee has paid $40,489.84 down payment prior to the execution of this contract, the receipt of which Vendor acknowledges."

{¶12}  Appellant does not contest that she was forced to renegotiate the original May 2006 land installment contract because she failed to fulfill the conditions, thereby entering into additional contracts in 2008 and 2009, with the final contract on August 1, 2011.

{¶13}  In its decision filed May 24, 2012, approved and confirmed by the trial court, the magistrate found the provisions of R.C. 5313.07 had not been met because appellant had not been paying on the land installment contract for five years.  It is undisputed that the 20% purchase price provision was not fulfilled.  The trial court determined the language of the August 1, 2011 land installment contract specifically stated all previous contracts were null and void, forfeited the land contract, and ordered the writ of restitution of the property.

{¶14}  Upon review, we concur with the trial court's evaluation.

{¶15}  The sole assignment of error is denied.

{¶16} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Delaney, J. concur.


_s/ Sheila G. Farmer_____


s/ W. Scott Gwin_____


s/ Patricia A. Delaney_____

                                 JUDGES


SGF/sg 315

[Cite as *Smith v. Williams*, 2013-Ohio-1228.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT


MARTIN N. SMITH                      :

        Plaintiff-Appellee          :

-vs-                           :          JUDGMENT ENTRY

AGATHA MARTIN WILLIAMS     :

        Defendant-Appellant    :          CASE NO. 2012CA00117


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed. Costs to appellant.


                                    s/ Sheila G. Farmer_____


                                    s/ W. Scott Gwin_____


                                    s/ Patricia A. Delaney_____

                                          JUDGES